United States District Court
Southern District of Texas
**ENTERED**
October 07, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN COSTELLO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-16-702 |
| | § | |
| U.S. BANK TRUST, N.A., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

The property at issue was encumbered by two liens in 2007. One was a home equity deed of trust lien, and the other was a homeowner's association assessment lien. The plaintiff, Kevin Costello, purchased the property at a foreclosure sale on the assessment lien. In March 2015, the defendant, U.S. Bank, was assigned the home equity deed of trust. In October 2015, U.S. Bank foreclosed on the home equity lien. Mr. Costello sued in Texas state court to quiet title on February 9, 2016, and U.S. Bank timely removed on the basis of diversity jurisdiction. (Docket Entry No. 1).

U.S. Bank has moved for judgment on the pleadings. (Docket Entry No. 4). It argues for the seniority of its home equity lien or, alternatively, that its home equity lien survived the foreclosure of the assessment lien because the home equity lienholder was not a party to that proceeding. Mr. Costello has moved to amend his complaint in order to add a claim that the Texas statute of limitations barred U.S. Bank's foreclosure, and U.S. Bank has responded. (Docket Entry Nos. 14, 15). Based on the pleadings; the motions, responses, and related submissions; the arguments of counsel; and the applicable law, the court grants U.S. Bank's motion for judgment on the pleadings. Because amendment would be futile, the court denies Mr. Costello's motion to amend. Final judgment is entered by separate order. The reasons for these rulings are stated below.

**I.     Background**

In April 1999, Jose Tow, who is not a party to this suit, purchased property in Katy, Texas. Tow signed a note for $107,800, secured by a deed of trust. (Docket Entry No. 1, Exs. 3-1A, 3-1B). A month later, the Williamschase Homeowners Association recorded an assessment lien on the property to secure the payment of annual maintenance charges. (*Id.*, Ex. 3-1C at 13–14). The association's Declaration of Restrictions stated that its assessment lien was "subordinate to and shall not affect the enforcement of any vendor's lien or first mortgage deed of trust lien now of record or which may hereafter be placed of record." (*Id*. at 15). The following timeline sets out what happened next.

- December 2006: Tow obtained a home equity loan from Fremont Investment & Loan for $128,000. The loan was secured by a deed of trust titled a "Texas Equity Security Instrument (First Lien)." (*Id*., Ex. 3-1D). The 1999 purchase lien was released in February 2007. (*Id*., Ex. 3-1E). In May 2009, Fremont assigned the home equity deed of trust to JPMorgan Chase Bank, N.A., and JPMorgan recorded the assignment on June 16, 2009.[1]

- October 28, 2009: The Williamschase Homeowners Association began proceedings in state court to foreclose its assessment lien against the property for past-due maintenance charges. The association obtained a judgment, a writ of execution, and an order of sale.[2] On May 7, 2013, the property was sold at foreclosure to the plaintiff, Kevin Costello, for $4,600. (*Id*., Ex. 3-1F).

---

[1] The court has included in its review the official public records of Harris County, Document Number 20090260718, recorded June 16, 2009. (Docket Entry No. 4, Ex. 1). *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

[2] *See Williamschase Homeowners Ass'n v. Tow*, No. 2009-69739 (234th Dist. Ct., Harris County, Tex. Oct. 28, 2009); (Docket Entry No. 4, Ex. 2).

- April 2010: JPMorgan began foreclosure proceedings against Tow on the home equity deed of trust. An order nonsuiting the action was entered on November 16, 2010.[3] JPMorgan served Tow with a new notice accelerating the home equity note on April 27, 2011. (Docket Entry No. 14, Ex. 2). On December 13, 2012, JPMorgan sent Tow a notice of rescission, stating that it was "exercising its right of abandonment of the 4/27/2011 acceleration . . . resulting in the restoration of the debt to its original maturity date." (Docket Entry No. 14, Ex. 3).

- March 2015: JPMorgan assigned the home equity deed of trust to the defendant, U.S. Bank.[4]

- October 9, 2015: U.S. Bank initiated state court proceedings to foreclose on the home equity deed of trust against Tow. (Docket Entry No. 1, Ex. 3-1 ¶ 14). In December 2015, Mr. Costello filed a plea in intervention and a response to U.S. Bank's application to foreclose, arguing that the home equity lien was extinguished by the foreclosure of the assessment lien, which Mr. Costello alleged to be a superior lien. (*Id.* ¶ 15). On January 26, 2016, the state court struck Mr. Costello's plea of intervention and permitted U.S. Bank to proceed with its foreclosure. (*Id.*). On March 1, 2016, U.S. Bank's substitute trustee foreclosed on the property, and U.S. Bank purchased the property for $183,721.18.[5]

- February 9, 2016: Mr. Costello sued in state court for declaratory relief. U.S. Bank timely removed based on diversity jurisdiction. (Docket Entry No. 1).

---

[3] The court considers *In re Order for Foreclosure Concerning Jose Tow and 22827 Tara Way, Katy, TX 77449*, No. 2010-27548 (61st Dist. Ct., Harris County, Tex. Apr. 30, 2010). (Docket Entry No. 11, Ex. 1).

[4] The court considers official public records of Harris County, Document Number 20150288362, recorded on July 1, 2015. (Docket Entry No. 4, Ex. 3).

[5] The court considers official public records of Harris County, Document Number RP-2016-118084, recorded on March 22, 2016. (Docket Entry No. 4, Ex. 8).

Mr. Costello seeks a declaration that U.S. Bank's home equity lien was extinguished by the 2009 foreclosure of the homeowner association's assessment lien. Alternatively, he argues that the property is exempt from attachment and foreclosure under Texas law because it is his homestead. (Docket Entry No. 1, Ex. 3-1).

On April 5, 2016, U.S. Bank moved for judgment on the pleadings, arguing that the home equity lien is expressly exempted from the assessment lien's claim to priority, and alternatively, could not have been extinguished by the foreclosure of the assessment lien because the lienholder was not joined as a party to that foreclosure proceeding. (Docket Entry No. 4).

Mr. Costello has also moved for leave to amend his complaint. (Docket Entry No. 14). The proposed amendment would add a claim that the Texas limitations period bars U.S. Bank's foreclosure. Mr. Costello argues that the four-year limitations period began to run when JPMorgan applied to foreclose the home equity lien in April 2010. U.S. Bank argues in response that the proposed amendment is futile because under Texas law, the limitations period was reset when JPMorgan rescinded its acceleration of the home equity note. (Docket Entry No. 15).

Each argument and response is considered under the appropriate legal standard.

**II.    The Applicable Legal Standards**

"A motion brought pursuant to FED. R. CIV. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quotation marks and citation omitted). The Rule 12(c) and Rule 12(b)(6) standards are the same. *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010). Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S.

4

544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570*; see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). The Supreme Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677.

A court considers only the pleadings in deciding a motion for judgment on the pleadings, *see Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002), but "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *See, e.g.*, *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also* 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 509–10 (3d ed. 2004) (stating that "matters incorporated by reference or integral to the claim [and] items appearing in the record of the case . . . may be considered by the district judge without converting the [Rule 12(b)(6)] motion into one for summary judgment"). Because the standards for Rule 12(c) and Rule 12(b)(6) are the same, a court may consider the same kinds of documents in a Rule 12(c) motion that it could consider in a Rule 12(b)(6) motion.

Under Texas law, "[a] suit to clear title or quiet title—also known as a suit to remove cloud from title—relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App. Houston 2012, pet. denied). The elements of a

5

suit to quiet title are: (1) the plaintiff has an interest in a specific property, (2) title to the property is affected by a claim of the defendant, and (3) the defendant's claim, although facially valid, is invalid or unenforceable. *See Wagner v. CitiMortgage, Inc.*, 995 F.Supp.2d 621, 626 (N.D. Tex. 2014) (citing *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App. El Paso 2012, pet. denied).

**III.    Analysis**

    **1.    Was the Home Equity Lien Extinguished?**

Mr. Costello argues that the home equity lien that U.S. Bank seeks to foreclose was extinguished in October 2009, when the Williamschase Homeowners Association foreclosed on its assessment lien. U.S. Bank contends that its lien was not foreclosed because it was senior to the assessment lien, and even if it were junior to the assessment lien, the lienholder was not joined in the action foreclosing that lien.

"Foreclosure does not terminate interests in the foreclosed real estate that are senior to the mortgage being foreclosed. In fact, the general rule is that the successful bidder at a junior lien foreclosure takes title subject to the prior liens." *Conversion Properties, LLC v. Kessler*, 994 S.W.2d 810, 818 (Tex. App. Dallas 1999, pet. denied) (internal citation omitted). In contending that the home equity lien was the senior lien, U.S. Bank relies on the association's Declaration of Restrictions statement that its assessment lien was "subordinate to and shall not affect the enforcement of any vendor's lien or first mortgage deed of trust lien now of record or which may hereafter be placed of record." (Docket Entry No. 1, Ex. 3-1C at 15).

Mr. Costello responds that the restrictions make only purchase money liens senior to the assessment lien. He correctly notes that the original vendor's lien on the property was released in 1999. But the restrictions are not limited to purchase money liens. The home equity lien was recorded as a "Texas Equity Security Instrument (First Lien)." (*Id*., Ex. 3-1D). In *Riner v.*

*Newmann*, the Dallas Court of Appeals found that a condominium's foreclosure of its assessment lien did not extinguish a subsequently recorded home equity lien because the condominium declared its assessment lien inferior to a "purchase money mortgage, vendor's lien or deed of trust." 353 S.W.3d 312, 316 (Tex. App. Dallas 2011, no pet.). Under the terms of the Williamschase restrictions, the home equity lien is prior to the assessment lien.

Even if the lien secured by the home equity deed was the junior lien, foreclosure on a senior lien does not extinguish the junior lien when the junior lienholder is not a party to the foreclosure action. *Herbert v. Denman*, 44 S.W.2d 441, 443 (Tex. App. Texarkana 1931, writ ref'd) ("[A] junior lienholder's rights will not be cut off by a foreclosure of a prior lien through a decree of court without the junior lienholder is made a party to such proceedings."); *see also McDonald v. Miller*, 39 S.W. 89 (Tex. 1897)*; Winchester v. Boggs*, 112 S.W.2d 207, 209 (Tex. App. Eastland 1937). Neither U.S. Bank nor its predecessor-in-interest, JPMorgan, joined the suit foreclosing the assessment lien.[6] Mr. Costello has offered no argument or authority to support his contention that the home equity lien, even as a junior lien, could have been extinguished when the lienholder was not a party to the foreclosure of the assessment lien.

U.S. Bank's home equity lien on the property was not extinguished by the homeowner association's foreclosure.

### 2. Did Limitations Run on Foreclosing the Home Equity Lien?

Mr. Costello argues in his response—and offers to amend his complaint to assert—that U.S. Bank is barred from foreclosing on the home equity lien because limitations has expired. Texas law provides that "[a] person must bring suit for the recovery of real property under a real property lien

---

[6] *See Williamschase Homeowners Ass'n v. Tow*, No. 2009-69739 (234th Dist. Ct., Harris County, Tex. Oct. 28, 2009); (Docket Entry No. 4, Ex. 2).

or the foreclosure of a real property lien not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.035(a). An action "accrues" when the note holder exercises its option to accelerate. *Meachum v. Bank of New York Mellon Trust Co., N.A.*, 636 F.App'x 210 (5th Cir. 2016) ("If a note or deed of trust secured by real property has an acceleration clause, the cause of action accrues 'when the holder actually exercises its option to accelerate.'" (quoting *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)). Mr. Costello contends that limitations expired four years after U.S. Bank's predecessor-in-interest, JPMorgan, served Tow with a notice of acceleration in April 2009.

A note holder may abandon acceleration, restoring the contract to its original condition and the note to its original maturity date. *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015); *TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, 2015 WL 9591369 (N.D. Tex. Dec. 4, 2015) ("if the holder abandons acceleration, it no longer must foreclose within four years from the date of acceleration"). Acceleration can be abandoned by agreement or by unilateral action of the parties, *Nunnery v. Ocwen Loan Servicing, LLC*, 641 F.App'x 430 (5th Cir. 2016); *In re Rosas*, 520 B.R. 534 (W.D. Tex. 2014); *Leonard v. Ocwen Loan Servicing, LLC*, 2014 WL 4161769 (S.D. Tex. Aug. 19, 2014), including a creditor's voluntary dismissal of its claims against a debtor. *See Bitterroot Holdings, LLC v. MTGLQ Inv'rs, L.P.*, 2015 WL 6442622 (W.D. Tex. Oct. 23, 2015) (citing *Denbina v. City of Hurst*, 516 S.W.2d 460, 463 (Tex. App. Tyler 1974).

JPMorgan accelerated the note secured by the home equity deed of trust in April 2009, but abandoned its acceleration by filing a notice of nonsuit in November 2010. (Docket Entry No. 14 ¶¶ 4–5). JPMorgan served a new notice of acceleration in April 2011, but again abandoned its acceleration in December 2012, this time by sending Tow a notice of rescission and confirming "the restoration of the debt to its original maturity date." (*Id.* ¶¶ 7–8, and Ex. 3). When U.S. Bank

8

served Tow with a third notice of acceleration in August 2015, the previous accelerations by its predecessor-in-interest had been abandoned. The cause of action had not yet accrued. The cause of action accrued when U.S. Bank served its August 2015 notice of acceleration. Its foreclosure proceedings were well within the four-year limitations period. Mr. Costello's limitations argument fails as a matter of law, and amending the complaint to assert it would be futile.

### 3. Is the Property Exempt from Foreclosure as a Homestead?

The original petition alleges that the property at issue is Mr. Costello's homestead, protected from attachment and foreclosure by Article XVI, § 50(a)(6) of the Texas Constitution. But "[i]f a homesteader begins living on a property subject to a deed of trust, the homesteader's interest is subject to the deed of trust." *Maxwell v. U.S. Bank, N.A.*, 2013 WL 3580621 at *3 (Tex. App. Houston July 11, 2013, pet. dism'd w.o.j.). "It has long been held that an encumbrance existing against property cannot be affected by the subsequent impression of the homestead exception on the land." *Inwood N. Homeowners' Ass'n, Inc. v. Harris*, 736 S.W.2d 632, 635 (Tex. 1987); *see also Boudreaux Civic Ass'n v. Cox*, 882 S.W.2d 543, 547 (Tex. App. Houston 1994, no pet.) ("[T]he homestead exemption will not defeat a preexisting right.").

Mr. Costello purchased his interest in the property in May 2013, more than six years after the home equity deed of trust had been recorded on the property. As explained above, the lien securing the deed of trust is valid, and Mr. Costello cannot claim a homestead exception to defeat the lien.

The original petition asserts in the alternative that if foreclosure proceeds, Mr. Costello is entitled to damages for U.S. Bank's unjust enrichment from the improvements Mr. Costello has made to the property. Under Texas law, "[u]njust enrichment is not an independent cause of action."

*Hoffman v. L & M Arts*, 774 F.Supp.2d 826, 848 n.18 (N.D. Tex. 2011). Nor can a plaintiff bring an unjust enrichment claim when there is an express contract, such as a deed of trust. *See Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000). In his response, Mr. Costello abandons his arguments about the homestead exemption and unjust enrichment. Those claims fail as a matter of law, and amendment to assert them is denied because to do so would be futile.

### IV.     Conclusion

U.S. Bank's motion for judgment on the pleadings, (Docket Entry No. 4), is granted. Because amendment would be futile, Mr. Costello's motion for leave to amend, (Docket Entry No. 14), is denied. Final judgment, with prejudice, is entered by separate order.

SIGNED on October 7, 2016, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge